IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD B. SIEGEL,                          :
                                            :
            Plaintiff,                      :
                                            :
    vs.                                     :        NO. 1: CV 03-549
                                            :
ABBOTTSTOWN BOROUGH,                        :
HAMILTON TOWNSHIP,                          :
ABBOTTSTOWN-HAMILTON JOINT                  :
POLICE DEPARTMENT, CHARLES                  :
STONESIFER, MICHAEL ZEPP,                   :        Judge Kane
DOUG MILLER, TERRY RODGERS,                 :
MARK LIPPY, STEVE SAUTER, BECKY             :
FENGFISH, DALE REICHART, KERRY              :
MARKOSIAN, PETER HOBBS, and                 :
TODD DUNLAP,                                :        JURY TRIAL REQUESTED
            Defendants.                     :

FILED
HARRISBURG

MAY 2 0 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## AMENDED COMPLAINT

NOW COMES, the Plaintiff, Richard B. Siegel, by and through his attorneys,

TOMASKO & KORANDA, P.C., and states and alleges the following:

1.      The above-captioned action is authorized and instituted pursuant to 42 U.S.C. §

1983, as amended, 42 U.S.C. § 1985, as amended, and the Pennsylvania Whistleblower Law, 43

Pa.C.S.A. §1421 *et seq.* against the above-named Defendants, both in their official and personal,

individual capacities.

2.      Venue is proper pursuant to 28 U.S.C. §1391(b).

3.      Plaintiff, Richard B. Siegel, is an adult individual residing at 2349 Mardale Drive,

York, York County, Pennsylvania, 17403.

4.      Defendant, Abbottstown Borough, is a political subdivision of the Commonwealth

of Pennsylvania.

5.     Defendant, Hamilton Township, is a political subdivision of the Commonwealth of Pennsylvania.

6.     Defendant, Abbottstown-Hamilton Joint Police Department, is a cooperative agency or instrumentality of Abbottstown Borough and Hamilton Township and has its principal place of business at 272 Mummerts Church Road, Abbottstown, Pennsylvania, 17301.

7.     Defendant Charles Stonesifer is an adult individual residing at 120 Abbotts Drive, Abbottstown, Pennsylvania, 17301.

8.     Defendant Michael Zepp is an adult individual residing at 831 Brough Road, Abbottstown, Pennsylvania, 17301.

9.     Defendant Douglas Miller is an adult individual residing at 890 Berlin Road, Abbottstown, Pennsylvania, 17301.

10.     Defendant Terry Rodgers is an adult individual residing at 225 West King Street, Abbottstown, Pennsylvania, 17301.

11.     Defendant Steve Sauter is an adult individual residing at 145 South Queen Street, Abbottstown, Pennsylvania, 17301.

12.     Defendant Becky Fengfish is an adult individual residing at 354 Sutton Road, Abbottstown, Pennsylvania, 17301.

13.     Defendant Kerry Markosian is an adult individual residing at 5 Eisenhart Drive, Abbottstown, Pennsylvania, 17301.

14.     Defendant Mark Lippy is an adult individual residing at 12 Spicer Drive, Abbottstown, Pennsylvania, 17301.

15.     Defendant Dale Reichart is an adult individual residing at 491 West King Street,

2

Abbottstown, Pennsylvania, 17301.

16.     Defendant Peter Hobbs is an adult individual residing at 126 South Queen Street, Abbottstown, Pennsylvania, 17301.

17.     Defendant Todd Dunlap is an adult individual residing at 3970 Carlisle Pike, New Oxford, Pennsylvania, 17350.

18.     Defendants, Michael Zepp and Doug Miller, are duly elected supervisors of Hamilton Township.

19.     Defendants, Terry Rogers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian, and Peter Hobbs, are or were, at all times relevant hereto, duly elected council members of Abbottstown Borough.

20.     Defendant, Charles Stonesifer, is the duly elected Mayor of Abbottstown and appointed Administrator of the Abbottstown-Hamilton Joint Police Department.

21.     Plaintiff was hired by Defendant on or about April 1, 2001, as a patrol officer.

22.     Defendant, Todd Dunlap, was employed as a patrol officer for the Abbottstown-Hamilton Police Department for approximately fifteen (15) years, including at all times relevant hereto.

23.     Shortly after beginning his employment at the Abbottstown-Hamilton Joint Police Department, in the summer of 2001, Plaintiff Siegel observed what he believed to be wrongdoing and waste by a public official, namely Defendant Dunlap.

24.     Plaintiff Siegel was morally, legally and ethically compelled to report the waste and wrongdoing being committed on an ongoing daily basis by Defendant Dunlap.

25.     Plaintiff Siegel dutifully honored his responsibilities to the taxpayers of

3

Abbottstown Borough and Hamilton Township by reporting the waste and wrongdoing that he observed to Defendant Stonesifer, Defendant Zepp, Defendant Miller, and John C. O'Brien, Chairman of Supervisors, Hamilton Township.

26.     Plaintiff Siegel further avers that a written copy of most, if not all, of the waste and wrongdoing being perpetrated by Defendant Dunlap was provided to all of the above-named Defendants individually.

27.     Throughout his employment with Defendant Abbottstown-Hamilton Joint Police Department, Plaintiff Siegel met applicable job qualifications, was qualified for the position he held and performed his job in a highly satisfactory and acceptable manner.

28.     On February 4, 2002, Hamilton Township voted to have the "Agreement Providing for Mutual Police Protection" (hereinafter, the "Agreement") changed, updated and consolidated.

29.     By letter dated May 31, 2002, Hamilton Township Chairman John C. O'Brien provided Abbottstown Borough thirty (30) days notice of termination of the Agreement for mutual police protection between Hamilton Township and Abbottstown Borough, dated January 6, 1987.

30.     It is believed and therefore averred that the notice of termination dated May 31, 2002 was sent in anticipation of Hamilton Township and Abbottstown Borough executing a new agreement with only minor changes.

31.     By letter dated June 21, 2002, Plaintiff Siegel was given notice of termination of his employment, to be effective June 30, 2002.

32.     At midnight on July 1, 2002, the Agreement expired and the Abbottstown-

4

Hamilton Joint Police Department was disbanded.

33.     At a special police meeting on July 31, 2002, between Hamilton Township and Abbottstown Borough, a revised agreement for the reinstatement of Abbottstown-Hamilton Police Department was passed.

34.     Under the new agreement, Defendant Todd Dunlap was rehired, effective August 5, 2002, to the Abbottstown-Hamilton Police Department and given the title of "Chief."

35.     Under the new agreement, Plaintiff Siegel was not rehired to the Abbottstown-Hamilton Police Department.

36.     It is believed and therefore averred that each of the above-named individual Defendants voted in favor of not rehiring Plaintiff Siegel as a result of his reports of waste and wrongdoing against Defendant Dunlap.

37.     In February, 2003, Eric Yost began employment as a part-time patrol officer for Abbottstown-Hamilton Joint Police Department.

38.     It is believed and therefore averred that each of the above-named individual Defendants voted in favor of hiring Eric Yost, rather than Plaintiff Siegel, as a result of his reports of waste and wrongdoing against Defendant Dunlap.

39.     In March, 2003, Doug Fishel began employment as a part-time patrol officer for Abbottstown-Hamilton Joint Police Department.

40.     It is believed and therefore averred that each of the above-named individual Defendants voted in favor of hiring Doug Fishel, rather than Plaintiff Siegel, as a result of his reports of waste and wrongdoing against Defendant Dunlap.

5

## VIOLATION OF 42 U.S.C. § 1983 (COUNTS I-II)

### COUNT I: Violation of Free Speech

**Plaintiff, Richard B. Siegel v. Defendants, Abbottstown Borough, Hamilton Township, Abbottstown-Hamilton Joint Police Department, Michael Zepp, Doug Miller, Terry Rodgers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian, Peter Hobbs, and Charles Stonesifer**

41.     The averments contained in Paragraphs 1-40 are incorporated herein by reference as if fully set forth at length below.

42.     During the course of his employment with Abbottstown-Hamilton Joint Police Department, Plaintiff Siegel reported to Defendant Stonesifer, Defendant Zepp, Defendant Miller, and John C. O'Brien of the pervasive governmental waste and wrongdoing being perpetuated by Defendant Dunlap.

43.     It is believed and therefore averred that a written copy of most, if not all, of the waste and wrongdoing being perpetrated by Defendant Dunlap was provided to all of the above-named Defendants individually.

44.     Governmental waste and wrongdoing are matters of public concern, and speech on such matters is protected activity pursuant to the First Amendment to the United States Constitution.

45.     Plaintiff Siegel exercised his First Amendment right to free speech, on matters of public concern by reporting waste and wrongdoing that was being committed by Defendant Dunlap, including, but not limited to, the following:

        a.      Defendant Dunlap failed to provide police backup for Plaintiff Siegel during a traffic stop of multiple individuals who were subsequently found to be in possession of

6

illegal narcotics;

      b.      Defendant Dunlap failed to follow proper police procedures during traffic stops;

      c.      Defendant Dunlap failed to follow proper police procedures when transporting prisoners in the police vehicle;

      d.      Defendant Dunlap failed to respond in a timely manner to Adams County dispatcher, including, but not limited to, 911 emergency calls;

      e.      Defendant Dunlap was using the police computer for personal use;

      f.      Defendant Dunlap failed to follow proper police procedure in handling and securing evidence;

      g.      Defendant Dunlap failed to follow-up on open criminal investigations;

      h.      Defendant Dunlap was selective in his enforcement and application of the laws of the Commonwealth of Pennsylvania;

      i.      Defendant Dunlap directed Plaintiff Siegel to alter traffic citations issued by Plaintiff Siegel in order to reflect that citations issued in Hamilton Township were actually issued in Abbottstown Borough;

      j.      Defendant Dunlap issued public drunkeness citations when a driving under the influence charge was warranted, in an attempt to siphon funds into Abbottstown Borough and Hamilton Township coffers instead of Adams County;

      k.      Defendant Dunlap misused the CLEAN system for background, license and registration information by using it for non-work related business;

      l.      Defendant Dunlap failed to follow proper police procedures during

7

domestic violence incidents involving physical violence committed against women;

      m.    Defendant Dunlap failed to properly maintain appropriate documents required for the professional and efficient operation of the Abbottstown-Hamilton Joint Police Department;

      n.    Defendant Dunlap failed to comply with direct orders regarding completing and filing monthly incident reports in a timely manner; and

      o.    Defendant Dunlap failed to complete and file, if at all, daily logs of activity in a timely manner.

46.    Plaintiff believes and therefore avers that no action was ever taken by Defendants, either individually or collectively, to address the waste and wrongdoing that was being committed by Defendant Dunlap and reported by Plaintiff Siegel.

47.    It is believed and therefore averred that the above-named Defendants, in both their individual personal capacities as well as in their official capacities, knew of Defendant Dunlap's waste and wrongdoing prior to Plaintiff Siegel exposing it and demanding action.

48.    Plaintiff believes and therefore avers that the act of disbanding and reforming the Joint Police Department and the new, revised agreement was intended by the Defendants as a mechanism to remove Plaintiff from his employment with Abbottstown-Hamilton Joint Police Department, in retaliation for Plaintiff Siegel's exercise of free speech on waste and wrongdoing.

49.    Plaintiff believes and therefore avers that he was not rehired by Defendants in retaliation for his exercise of free speech on the within incidents of waste and wrongdoing committed by Defendant Dunlap.

50.    Plaintiff believes and therefore avers that he was not promoted to full time patrol

officer status, with full benefits, in January 2002 as Defendant Zepp had promised Plaintiff, in retaliation for Plaintiff exercising his First Amendment right to free speech.

51.     Defendants, Terry Rogers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian, Peter Hobbs, Doug Miller and Michael Zepp, each individually voted to not rehire Plaintiff Siegel and either voted for or acquiesced in the replacement of Plaintiff Siegel with Eric Yost and Doug Fishel, in retaliation for Plaintiff exercising his First Amendment right to free speech.

52.     Abbottstown Borough and Hamilton Township and Mayor Charles Stonesifer violated Plaintiff Siegel's First Amendment right to free speech by disbanding and reforming the Joint Police Department and not rehiring Plaintiff Siegel.

**WHEREFORE**, Plaintiff, Richard B. Siegel, prays that this Honorable Court order such relief as is necessary to make the Plaintiff whole, including:

(a)     Reinstatement of Plaintiff as patrol officer for Abbottstown-Hamilton Joint Police Department, in a full time capacity, with full benefits;

(b)     Back pay, including loss of pay and benefits;

(c)     Forward pay, including pay and benefits;

(d)     Punitive and/or liquidated damages due to the Defendants' willful/intentional conduct;

(e)     Damages for mental anguish/emotional distress due to the Defendants' willful/intentional misconduct;

(f)     Attorney's fees, costs incurred in this action and prejudgment interest; and

(g)     Such other relief as is just and equitable.

## **COUNT II: Violation of Due Process**

**Plaintiff, Richard B. Siegel v. Defendants, Abbottstown Borough, Hamilton Township, Abbottstown-Hamilton Joint Police Department, Michael Zepp, Doug Miller, Terry Rodgers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian, Peter Hobbs, and Charles Stonesifer**

53.     The averments contained in Paragraphs 1-52 are incorporated herein by reference as if fully set forth at length below.

54.     While employed as a patrol officer for Abbottstown-Hamilton Joint Police Department, Plaintiff Siegel was a public employee.

55.     Plaintiff Siegel believes and therefore avers that the disbandment of the Abbottstown-Hamilton Joint Police Department was orchestrated in an attempt to terminate his employment contract without just cause.

56.     Plaintiff Siegel believes and therefore avers that he was denied any meaningful opportunity to be heard when Abbottstown Borough and Hamilton Township unilaterally disbanded the Abbottstown-Hamilton Joint Police Department.

57.     Plaintiff Siegel believes and therefore avers that Defendants, specifically , but not limited to Defendant Stonesifer, at various times between June 2002 and present, made unsubstantiated allegations and attacks on Plaintiff's job performance and integrity, of which Plaintiff did not have notice nor to which did Plaintiff have opportunity to respond.

58.     Plaintiff Siegel believes and therefore avers that he had a property right in his position as patrol officer because he was employed under contract and because he was promised a full time position as patrol officer by Defendant Zepp in August 2001.

59.     Plaintiff Siegel believes and therefore avers that he was terminated from his position

10

as patrol officer without just cause.

60. Plaintiff Siegel believes and therefore avers that he was entitled to notice of any and all allegations being made against him and a due process hearing to rebut said allegations, pursuant to the Fourteenth Amendment to the United States Constitution.

**WHEREFORE**, Plaintiff, Richard B. Siegel, prays that this Honorable Court order such relief as is necessary to make the Plaintiff whole, including:

(a) Reinstatement of Plaintiff as patrol officer for Abbottstown-Hamilton Joint Police Department, in a full time capacity, with full benefits;

(b) Back pay, including loss of pay and benefits;

(c) Forward pay, including pay and benefits;

(d) Punitive and/or liquidated damages due to the Defendants' willful/intentional conduct;

(e) Damages for mental anguish/emotional distress due to the Defendants' willful/intentional misconduct;

(f) Attorney's fees, costs incurred in this action and prejudgment interest; and

(g) Such other relief as is just and equitable.

### COUNT III: VIOLATION OF 42 U.S.C. § 1985

**Plaintiff, Richard B. Siegel v. Defendants, Abbottstown Borough, Hamilton Township, Abbottstown-Hamilton Joint Police Department, Mayor Charles Stonesifer, Michael Zepp, Doug Miller, Terry Rodgers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian, Peter Hobbs, and Todd Dunlap**

61. The averments contained in Paragraphs 1-60 are incorporated herein by reference as if fully set forth at length below.

62.     Plaintiff Siegel was bound by a constitutionally imposed duty as well as by oath as a patrol officer to support the Fourth and Fourteenth Amendments to the United States Constitution, and to accord equal protection of the laws to all persons in the course of his duties.

63.     Plaintiff Siegel believes and therefore avers that Defendants Stonesifer, Miller, Zepp and Dunlap discussed the reports made by Plaintiff of waste and wrongdoing being committed by Defendant Dunlap on numerous occasions.

64.     Plaintiff Siegel believes and therefore avers that Defendants Stonesifer, Miller, Zepp and Dunlap engaged in a deliberate course of conduct intended, ultimately, to deprive Plaintiff Siegel of his position as patrol officer for Abbottstown-Hamilton Joint Police Department.

65.     Plaintiff Siegel believes and therefore avers that all of the above-captioned Defendants, both individually and officially, injured Plaintiff in his person and property on account of his lawful discharge of the duties of the position he held, to wit, the reporting of waste and wrongdoing by Defendant Dunlap, as well as his nondiscriminatory manner of discharging his duties as patrol officer.

66.     Plaintiff Siegel has been injured in his person, in that his First Amendment right to free speech has been violated.

67.     Plaintiff Siegel has been injured in his property, in that his Fourteenth Amendment contractual right to job security and due process has been violated.

68.     Plaintiff Siegel believes and therefore avers that Defendants' actions were intended to molest, interrupt, hinder, and/or impede him in the discharge of his duties as patrol officer.

69.     Plaintiff Siegel believes and therefore avers that Defendant Stonesifer, Defendant Zepp and Defendant Dunlap engaged in conduct specifically intended to further the object of the conspiracy, to wit, Defendant Stonesifer, Defendant Zepp and Defendant Dunlap actively, however covertly, campaigned against Plaintiff Siegel's rehiring and in favor of the hiring of Eric Yost and Doug Fishel, in retaliation for Plaintiff Siegel exposing the rampant waste and wrongdoing being committed by Defendant Dunlap.

70.     Plaintiff Siegel provided Defendant Stonesifer with copies of the written report of waste and wrongdoing being committed by Defendant Dunlap for distribution among Abbottstown Borough Council members.

71.     Plaintiff Siegel believes and therefore avers that Defendants Terry Rodgers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian Peter Hobbs knew, or should have known the contents of the written report of waste and wrongdoing being committed by Defendant Dunlap.

72.     Plaintiff Siegel believes and therefore avers that Defendants committed acts in furtherance of the object of the conspiracy, to wit, the council members of Abbottstown Borough and the supervisors of Hamilton Township, namely Defendants Miller and Zepp, voted to not rehire Plaintiff Siegel, and or to hire Eric Yost and Doug Fishel, in retaliation for Plaintiff exercising his right to free speech on matters of public concern.

73.     Plaintiff Siegel believes and therefore avers that Defendants conspired to prevent, by force, intimidation, or threat, Plaintiff Siegel from discharging his duties as patrol officer, including supporting the Fourth and Fourteenth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff, Richard B. Siegel, prays that this Honorable Court order such

13

relief as is necessary to make the Plaintiff whole, including:

      (a)     Reinstatement of Plaintiff as patrol officer for Abbottstown-Hamilton Joint Police Department, in a full time capacity, with full benefits;

      (b)     Back pay, including loss of pay and benefits;

      (c)     Forward pay, including pay and benefits;

      (d)     Punitive and/or liquidated damages due to the Defendants' willful/intentional conduct;

      (e)     Damages for mental anguish/emotional distress due to the Defendants' willful/intentional misconduct;

      (f)     Attorney's fees, costs incurred in this action and prejudgment interest; and

      (g)     Such other relief as is just and equitable.

## COUNT IV:  VIOLATION OF PENNSYLVANIA WHISTLEBLOWER LAW

**Plaintiff, Richard B. Siegel v. Defendants, Abbottstown Borough, Hamilton Township, Abbottstown-Hamilton Joint Police Department, Charles Stonesifer, Michael Zepp, Doug Miller, Terry Rogers, Mark Lippy, Steve Sauter, Becky Fenglish, Dale Reichart, Kerry Markosian, Peter Hobbs, and Todd Dunlap**

74.     The averments contained in Paragraphs 1-73 are incorporated herein by reference as if fully set forth at length below.

75.     Plaintiff Siegel respectfully requests that This Honorable Court exercise supplemental jurisdiction over the instant cause of action.

76.     In January, 2003, Defendants chose to not rehire Plaintiff Siegel to his position as patrol officer for Abbottstown-Hamilton Joint Police Department, when they hired Eric Yost, an act of retaliation against Plaintiff Siegel for reporting, in good faith, waste and wrongdoing.

14

77.     In February, 2003, Defendants chose to not rehire Plaintiff Siegel to his position as patrol officer for Abbottstown-Hamilton Joint Police Department, when they hired Doug Fishel, an act of retaliation against Plaintiff Siegel for reporting, in good faith, waste and wrongdoing.

78.     Plaintiff Siegel is more qualified than Defendant Dunlap, Eric Yost and Doug Fishel to perform the job duties as patrol officer for Abbottstown-Hamilton Joint Police Department.

79.     Plaintiff Siegel performed his duties as patrol officer for Abbottstown-Hamilton Joint Police Department in a more than satisfactory manner.

80.     Plaintiff Siegel made a good faith report to an appropriate authority, as that term is defined in the Pennsylvania Whistleblower Law, 43 P.S. § 1421-1428, of what he had reasonable cause to believe was waste and wrongdoing being perpetrated by Defendant Dunlap.

81.     Plaintiff Siegel reported the waste and wrongdoing to Defendant Stonesifer, Mayor of Abbottstown, Defendant Zepp, Defendant Miller, and John O'Brien, supervisors of Hamilton Township.

82.     Plaintiff Siegel provided Defendant Stonesifer with copies of the written report of waste and wrongdoing being committed by Defendant Dunlap for distribution among Abbottstown Borough Council members.

83.     Plaintiff Siegel believes and therefore avers that Defendants Terry Rodgers, Mark Lippy, Steve Sauter, Becky Fengfish, Dale Reichart, Kerry Markosian Peter Hobbs knew, or should have known the contents of the written report of waste and wrongdoing being committed by Defendant Dunlap.

84.     Plaintiff Siegel, at all times relevant hereto, was a public employee.

**WHEREFORE**, Plaintiff, Richard B. Siegel, prays that this Honorable Court order such relief as is necessary to make the Plaintiff whole, including:

(a)     Reinstatement of Plaintiff as patrol officer for Abbottstown-Hamilton Joint Police Department, in a full time capacity, with full benefits;

(b)     Back pay, including loss of pay and benefits;

(c)     Forward pay, including pay and benefits;

(d)     Punitive and/or liquidated damages due to the Defendants' willful/intentional conduct;

(e)     Damages for mental anguish/emotional distress due to the Defendants' willful/intentional misconduct;

(f)     Attorney's fees, costs incurred in this action and prejudgment interest;

(g)     fine of not more than five hundred dollars ($500.00) against each individual Defendant, as mandated by 43 P.S. § 1426; and

(h)     Such other relief as is just and equitable.

Respectfully submitted,

**TOMASKO & KORANDA, P.C.**
219 State Street
Harrisburg, PA 17101
Telephone:  (717) 238-1100

By: _Michael B. Matter_
       MICHAEL D. MATTER
       PA ID #85022

16

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD B. SIEGEL,                       :
                                         :
              Plaintiff,                 :
    vs.                                  :        NO.  1: CV 03-549
                                         :
ABBOTTSTOWN BOROUGH,                     :
HAMILTON TOWNSHIP,                       :
ABBOTTSTOWN-HAMILTON JOINT               :
POLICE DEPARTMENT, CHARLES               :
STONESIFER, MICHAEL ZEPP,                :        Judge Kane
DOUG MILLER, TERRY RODGERS,              :
MARK LIPPY, STEVE SAUTER, BECKY          :
FENGFISH, DALE REICHART, KERRY           :
MARKOSIAN, PETER HOBBS, and              :        JURY TRIAL REQUESTED
TODD DUNLAP,                             :
              Defendants.                :

## CERTIFICATE OF SERVICE

        I, Michael D. Matter, Esquire, attorney for the Plaintiff, Richard B. Siegel, hereby certify that on the date below written, I served a copy of **AMENDED COMPLAINT** by:

        U.S. Mail, first class, postage prepaid, addressed to:

Frank J. Lavery, Jr., Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, Pennsylvania 17108-1245

Sharon E. Myers, Esquire
Countess Gilbert Andrews, P.C.
106 Harrisburg Street
P.O. Box 606
East Berlin, Pennsylvania 17316

Respectfully submitted,

**TOMASKO & KORANDA, P.C.**
219 State Street
Harrisburg, PA  17101
Telephone:  (717) 238-1100

Date: 05/19/2003       By: _Michael B. Matter_
                            MICHAEL D. MATTER